UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| ERNEST G. GOOK | ) | CASE NO. 4:22-CV-00077-BYP |
| | ) | |
| Plaintiff | ) | JUDGE BENITA PEARSON |
| | ) | |
| -vs- | ) | **NOTICE OF DEPOSITION OF** |
| | ) | **DEFENDANT'S REPRESENTATIVE** |
| BOARD OF TRUMBULL COUNTY | ) | **PURSUANT TO FRCP 30(B)(6)** |
| COMMISSIONERS | ) | |
| | ) | |
| Defendant | ) | |

Plaintiff give notice that counsel will take the deposition of the following witness(es) at

the date and time stated, and continuing from day to day until completed.  This deposition will be

recorded by court stenographer.

Witness:     Representative(s) of Defendant Board of Trumbull County Commissioners

Pursuant to FRCP 30(B)(6), Defendant shall designate one or more
representatives to testify as to matters known or available to Defendant with
respect to the matters designated on the attached list.

Date:       March 14, 2023 at 10:00 AM, or such other date as the parties may agree.

Location:    Remote.

**Subjects for Deposition of Defendant's Representative:**

1.     The factual basis for each of Defendant's affirmative defenses.

2.     All measures taken by Defendant to produce documents and information responsive to
Plaintiff's discovery requests in this case.

3.     All steps followed, records created, questions asked, and information obtained in any
investigation on behalf of Defendant regarding Plaintiff's allegations of age discrimination.

4.     Defendant's policies, procedures, and practices regarding actions Defendant takes and/or
has taken against employees and/or Commissioners who are found to have engaged in violated
federal employment law(s) in their employment-related decisions.

5.     Defendant's disciplinary policies and procedures.

6.     All facts or opinions bearing on the accuracy or inaccuracy of Defendant's denials, in its
Answer to the Complaint, of the averments in paragraphs 5, 8, 14, 15, 16, 18, 19, 20, 21, 22, 23,

and 26 of the Complaint, and the identity and/or content of all documents constituting or memorializing each such fact or opinion.

7.      All facts and/or opinions bearing on the accuracy or inaccuracy of Defendant's statements in its Answer to the Complaint in this case that it had insufficient knowledge or information to form a belief as to the truth of the averments of paragraphs 1, 2, 3, 6, 7, 9, 10, 12, 13, 17, 26, 27, 28, 29, and 30 of the Complaint, the identity and/or content of all documents constituting or memorializing each such fact or opinion, and the details of all inquiries and investigations Defendant conducted that led to these claims of insufficient knowledge or information.

8.      All facts or opinions bearing on the accuracy or inaccuracy of Defendant's denials, in its Responses to Plaintiff's Requests for Admission numbers 3, 4, 5, 6, 7, 8, 11, 13, 17, 20, 21, 28, 29, 31, 32, 34, 35, 37, 44, 50, 52, and 53, and the identity and/or content of all documents constituting or memorializing each such fact or opinion.

9.      All facts or opinions bearing on the accuracy or inaccuracy of Defendant's statements, in its Responses to Plaintiff's Requests for Admission numbers 2, 12, 14, 15, 18, 19, 24, 26, 27, 33, and 36, 42, 45, 48, 49, 51, 54, 55, 56, 57, 58, 59, and 60, that it had insufficient knowledge or information to admit or deny the truth of each such Request for Admission, the identity and/or content of all documents constituting or memorializing each such fact or opinion, and the details of all inquiries and investigations Defendant conducted that led to each claim of insufficient knowledge or information.

10.     The basis / reason(s) for Plaintiff's termination, when the decision was made to terminate Plaintiff's employment, how the decision was made, when the issue of Plaintiff's termination first arose and why it first arose, and who determined the language for Plaintiff's termination letter.

11.     Defendant's and/or Trumbull County's policies or procedures for responding to and/or investigating employee and/or former employee complaints made to the Equal Employment Opportunity Commission from 2018 through the present.

12.     Plaintiff's performance evaluations or the reason for the lack thereof.

13.     Which of Defendant's and/or Trumbull County's employees received a copy of Defendant's and/or Trumbull County's policies and procedures, handbook, and/or personnel manual, and which employees are required to adhere to same.

14.     Which of Defendant's and/or Trumbull County's employees report directly to the head of Human Resources department, and which employees report indirectly to the head of the Human resources department.

15.     The basis of each complaint, Charge, and/or lawsuit filed against Niki Frenchko, Trumbull County, and/or any or all of the Commissioners of Trumbull County since Niki Frenchko took office.

16.     The name, title, and date of birth of each employee who resigned from his/her employment with Trumbull County, and/or was terminated from his/her employment with Trumbull County, since Niki Frenchko took office.

17.     The date of birth of each Trumbull County Commissioner.

18.     The name and job title of each current and/or former Trumbull County employee who pled no contest to and/or was convicted of a crime – whether a felony or misdemeanor, the nature of each such  conviction or no contest plea, the date of each such conviction or no contest plea, what discipline, if any, each employee/former-employee received as a result of each such conviction or not contest plea, and which individuals are still employed by Trumbull County.

19.     The name and job title of each individual hired by Defendant and/or Trumbull County who had been convicted or pled no contest to a crime at the time of hire; the crime for which each such individual was convicted or pled guilty or no contest; whether it was a felony or misdemeanor; the date of each such plea or conviction; and the date each such individual was hired by Defendant or Trumbull County.

20.     The value of each fringe benefit Plaintiff was receiving at the time of his termination based on a monthly or yearly calculation.

21.     All details and facts upon which Defendant bases any claim that, in the last 3 years of his employment, Plaintiff failed to perform his job duties, failed to comply with any of Defendant's or Trumbull County's policies, procedures, or practices, and/or engaged in any work-related conduct that Defendant considers or considered to be not in its best interest; the precise date on which any person employed by Defendant or Trumbull County learned of each fact; and the name, phone number, and address of each person employed by Defendant or Trumbull County who learned of each detail/fact.

22.     The date on which the position of 911 Director was first posted or advertised after Plaintiff's termination; the date on which Defendant or Trumbull County commenced recruiting activity to fill the position; the recruiting activities Defendant or Trumbull County took to fill the position; the date on which the position was first filled; and the name, address, date of birth, and credentials of the first person hired to fill the position.

23.      The name, title, and date of birth of each Trumbull County employee who was convicted or pled guilty or no contest to the crime of falsifying one or more records; the date of each such conviction or plea; the date each such individual commenced employment with Trumbull County; and whether each such employee was terminated from his/her Trumbull County employment as a result of such conviction or plea.

24.     Whether Trumbull County employee Steven Kramer was charged on or about November 14, 2018, with misdemeanor vehicular homicide; whether Steven Kramer pled no contest and/or was found guilty of misdemeanor vehicular manslaughter in 2019; Steven Kramer's position with Trumbull County and age at the time of the accident; the circumstances surrounding the accident; and whether Steven Kramer was terminated from his Trumbull County employment as a result of the incident or his plea or conviction.

25.     Whether any Trumbull County employees were convicted or pled guilty or no contest to driving under the influence of alcohol or drugs, and/or any other driving-related offense, and if so, the name, date of birth, and title/position of each such individual; the circumstances surrounding each employee's conviction; the date on which each such employee began his/her employment with Trumbull County; and whether each such employee was terminated as a result of the offense or conviction.

Respectfully submitted,

*/s/ Caryn M. Groedel*
Caryn M. Groedel (0060131)
*cgroedel@groedel-law.com*
Caryn Groedel & Associates Co., LPA
208 Spriggel Drive
Munroe Falls, OH  44262
1291 SW Mulberry Way
Boca Raton, FL  33486
Phone: 440-230-3808
           440-207-9557
Fax:    440-664-2478
Counsel for Plaintiff

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that the forgoing was filed electronically this 1st day of March, 2023.  Notice of this filing will be sent by the Court's electronic filing system.  Parties may access this filing through the Court's system.

*/s/ Caryn M. Groedel*
Caryn M. Groedel