UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| ERNEST COOK | ) | CASE NO. 4:22-cv-00077 BYP |
| | ) | |
|     Plaintiff, | ) | JUDGE BENITA PEARSON |
| | ) | |
| vs. | ) | **PLAINTIFF'S MOTION FOR** |
| | ) | **SANCTIONS AGAINST DEFENDANT** |
| BOARD OF TRUMBULL COUNTY | ) | **AND ITS COUNSEL** |
| COMMISSIONERS | ) | |
| | ) | |
|     Defendants. | ) | |

**I.**  **SUMMARY**

Plaintiff seeks sanctions against Commissioner Niki Frenchko for **calling counsel for Plaintiff a "f*cking c*nt"** at the stopping point of the 30(B)(6) deposition testimony she was giving on May 1, 2023.

**II.**  **FACTS**

Due to defense counsel's mother being in a hospital in urgent medical condition on Friday, April 28, 2023, the 30(B)(6) deposition scheduled for that day was rescheduled for Monday, May 1, 2023.  (Both Plaintiff's and Defendant's counsel have exhibited flexibility and compromise in scheduling depositions throughout this case.)  However, the deposition could not commence until 12:30 p.m. due to Plaintiff's counsel's previously scheduled medical appointment.  Moreover, Plaintiff's counsel had an out of office meeting at 6:00 PM and thus had to stop for the day at 5:30 PM (though she continued the deposition until 5:40 PM in the hope that the witness could conclude her testimony by that time, but that did not occur).

The first witness – Trumbull County's new Human Resources Director – was deposed without incident – other than Zoom-related electronic glitches.  The deposition of the second

witness, Commissioner Niki Frenchko, also encountered some zoom-related electronic glitches, but Ms. Frenchko's testimony presented many other problems, including:

- **Drinking wine during her deposition**. Ms. Frenchko will say it was water, but the zoom video recording shows her drinking from a wine glass twice. The first time she drank a yellow liquid (Ex. 1 at 2:31:54 and 2:53.22) – apparently white wine. And the second time (Id. at 3:27:28), a clear liquid – probably water, after Ms. Frenchko realized she had been caught on tape drinking wine);

- **Being argumentative and feigning that she did not understand commonly used words** (which will be the subject of a second sanction motion to be filed after the court reporter finishes transcribing the testimony; and

- When Plaintiff's counsel stated, at approximately 5:40 p.m., that she had to conclude the deposition for the day and would resume at a time convenient for all involved, Ms. Frenchko began arguing – saying she was not going to appear again, that she could finish in a few minutes, etc. Instead of arguing on the record (considering that Plaintiff Ernest Cook must pay for the court reporter's time and a per page transcript fee), Plaintiff's counsel stated words to the effect of "we are off the record", to which **Ms. Frenchko responded: "F*cking c*nt".** (Ex. 1 at 5:40 PM.)

### III. LAW AND ARGUMENT

Federal Rule of Civil Procedure ("FRCP") 30(d)(2) authorizes a wide array of sanctions against any person who impedes, delays, or frustrates the fair examination of a deponent. Rule 30(d)(2) provides:

> "The court may impose an appropriate sanction—including the reasonable expenses and attorney's fees incurred by any party—on a person who impedes, delays, or frustrates the fair examination of the deponent."

Rule 30(d)(2) does not limit the types of sanctions available; it only requires that the sanctions be "appropriate." See *Francisco v. Verizon S., Inc.*, 756 F. Supp. 2d 705, 712 (E.D. Va. 2010), aff'd, 442 F. App'x 752 (4th Cir. 2011) ("Although Rule 30(d)(2) does not define the phrase 'appropriate sanction,' the imposition of discovery sanctions is generally within the sound discretion of the trial court." (citations omitted)).

District courts also have a "'well-acknowledged' inherent power . . . to levy sanctions in response to abusive litigation practices." *Roadway Exp., Inc. v. Piper,* 447 U.S. 752, 765 (1980).

"A primary aspect of that [power] is the ability to fashion an appropriate sanction for conduct which abuses the judicial process." *Chambers v. NASCO, Inc.*, 501 U.S. 32, 44-45 (1991). "[T]he inherent power of a court can be invoked even if procedural rules exist which sanction the same conduct." Id. at 49.

FRCP Rule 30(d)(2)'s Advisory Committee provide that sanctions under Rule 30(d) are congruent to those under Rule 26(g):

> The rule also explicitly authorizes the court to impose the cost resulting from obstructive tactics that unreasonably prolong a deposition on the person engaged in such obstruction. This sanction may be imposed on a non-party witness as well as a party or attorney, but is otherwise congruent with Rule 26(g).

Fed. R. Civ. P. 30, advisory committee notes (1993 amendments).

In addition to Rule 30(d)'s text and the advisory committee notes, the United States Supreme Court has noted that "court[s] generally may act sua sponte in imposing sanctions under the Rules." *Chambers*, 501 U.S. at 43 n.8; see also *Jurczenko v. Fast Prop. Solutions, Inc.,* No. 1:09 CV 1127, 2010 WL 2891584, at *2-4 (N.D. Ohio July 20, 2010) (imposing sanctions under Rule 30(d)(2) where party moved for sanctions only under Rule 37(d)).

It is not necessary that a party violate a discovery order before this Court can impose sanctions pursuant to Rule 37(d). "Fed. R. Civ.P. 37(d) allows the impositions of sanctions against a party for serious disregard of the obligations imposed by the federal discovery rules even though the party has not violated any court order." *Burnett v. Venturi,* 903 F.Supp. 304 (N.D. N.Y. 1995); *see also, Black Horse Lane Assoc v. Dow Chemical Corp.,* 228 F.3d 275, 303 (3rd Cir. 2000) ("we point out that unlike subdivision (b) of Rule 37, on its face subdivision (d) does not require the court, prior to imposing sanctions, to have issued an order compelling discovery"); and *Davidson Hotel Company v. St. Paul Fire and Marine Insurance Co.,* 136 F.Supp.2d 901 (W.D.Tenn. 2001).

**IV.   REQUEST**

Plaintiff seeks judgment in his favor and a monetary sanction of $10,000.00 from Ms. Frenchko for her conduct of calling Plaintiff's counsel a "f*ing c*nt".

Courts have wide discretion to tailor sanctions to each specific case.  While monetary sanctions are by far the most common form of sanction for deposition misconduct, courts are free under Rule 30(d)(2) to fashion "an appropriate sanction."  This may include the requirement that the deposition be continued in the presence of a judicial officer.  *GMAC Bank*, 248 F.R.D. at 193.  It could include censure.  *Redwood*, 476 F.3d at 470.  And it may include judgment or dismissal – for "the most flagrant case, where the party's noncompliance represents bad faith and callous disregard for the authority of the district court and the Rules." *Mutual Fed. Sav. & Loan Ass'n*, 872 F.2d at 92.

Plaintiff contends that such a remark by a disrespectful and obstructionist witness who did not get her way in the context of concluding her deposition, reflects a most callous disregard for the legal system, judicial authority, the Local Rules, and the Federal Rules of Civil Procedure, entitling Plaintiff to a judgment in his favor and $10,000.00 for attorney fees.

V. **CONCLUSION**

WHEREFORE, Plaintiff respectfully requests the Court sanction Defendant in the form of judgment in his favor and $10,000.00 payable by Ms. Frenchko for Plaintiff's legal fees.

Respectfully submitted,

*/s/ Caryn M. Groedel*
Caryn M. Groedel (0060131)
cgroedel@groedel-law.com
Caryn Groedel & Associates Co., LPA
208 Spriggel Drive
Munroe Falls, OH  44262
1291 SW Mulberry Way
Boca Raton, FL  33486
Phone: 440-230-3808
440-207-9557
Fax:   440-664-2478
Counsel for Plaintiff

## CERTIFICATE OF SERVICE

      The undersigned hereby certifies that the forgoing was filed electronically this 4th day of May, 2023. Notice of this filing will be sent by the Court's electronic filing system. Parties may access this filing through the Court's system.

                                                     */s/ Caryn M. Groedel*
                                                     Caryn M. Groedel

UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| ERNEST COOK | ) | CASE NO. 4:22-cv-00077 BYP |
| | ) | |
| Plaintiff, | ) | JUDGE BENITA PEARSON |
| | ) | |
| vs. | ) | **DECLARATION OF KELLI PAGE** |
| | ) | |
| BOARD OF TRUMBULL COUNTY | ) | |
| COMMISSIONERS, et al. | ) | |
| | ) | |
| Defendants. | ) | |

I, Kelli Page, declare as follows:

1. I have personal knowledge of the facts set forth in this Declaration, and, if called as a witness, I could and would testify competently to such facts under oath.

2. I am the owner of Page Reporting Service.

3. On May 1, 2023, I was the court reporter for Niki Frenchko's portion of the 30(B) Zoom deposition in the above-referenced case, which was videotaped via Zoom.

4. The attached video recording is a true and accurate copy of that was made via Zoom of Ms. Frenchko's portion of the 30(B)(6) deposition testimony, including her comment immediately following the conclusion of her testimony for the day, that Ms. Groedel was an "f*ing c*nt".

I declare under penalty of perjury under the laws of the United States of American that the foregoing is true and correct.

Executed in Cleveland, Ohio, this 3rd day of May, 2023.

*Kelli Page*
Kelli Page

2