UNITED STATES DISTRICT COURT
NOTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| ERNEST COOK, | CASE NO.: 4:22-CV-00077-BYP |
| Plaintiff, | JUDGE BENITA Y. PEARSON |
| vs. | **DEFENDANT BOARD OF TRUMBULL COUNTY COMMISSIONERS' OPPOSITION TO PLAINTIFF'S MOTION FOR SANCTIONS AGAINST DEFENDANT AND ITS COUNSEL** |
| TRUMBULL COUNTY COMMISSIONERS | |
| Defendant. | |

**I.    OVERVIEW**

On May 1, 2023 at 12:30 p.m., Plaintiff's counsel started the deposition of three witnesses designated under Fed.R.Civ.P. 30(b)(6) to provide testimony on multiple topics and subtopics identified by Plaintiff. Plaintiff's counsel finished questioning one witness. At 2:20 p.m., Plaintiff started examining Commissioner Frenchko on the topics assigned to her. At 5:40 p.m., with just two topics remaining,[1] Plaintiff's counsel unilaterally terminated the deposition over Defendant's

---

[1] The topics were #15 – "Paulette Godfrey's date of birth and date of and reason(s) for separation" and #13 – "The assistant dog warden incident – when the Board learned about the incident, including when they learned about the charges, when they learned about the plea/conviction, why the decision was made to keep him as an employee, and what his dog warden and new salaries are." In her testimony concerning topic #10, Frenchko had already explained why the Board decided to keep the assistant dog warden employed. (ECF No. 53, Page ID#539-40.) Defense counsel indicated her belief that the examination could be completed in ten (10) minutes. (ECF No. 53, Page ID#540.) Instead, Frenchko and the other 30b6 witness had to appear again later that week (just one week before the May 12, 2023 dispositive motion deadline). (ECF No. 54.)

objection.[2] Immediately after the deposition ended, Frenchko called opposing counsel a "f*cking c*nt."

In his haste to report Frenchko to the Court, Plaintiff filed a motion that is devoid of any meaningful analysis. The Board can only speculate about: (1) the relief Plaintiff seeks and from whom;[3] (2) whether Plaintiff's request for sanctions is based solely on Frenchko's comment after the deposition or includes other alleged misconduct mentioned in the motion;[4] and (3) the legal theory supporting Plaintiff's request for terminating sanctions against the Board when Frenchko's comment was unauthorized.

## II.  LAW AND DISCUSSION

In his motion, Plaintiff relies on three sources in support of his motion for sanctions: Fed.R.Civ.P. 30(d)(2), Fed.R.Civ.P. 37(d), and the Court's inherent authority. None of these sources provides the Court with authority to sanction the Board for Frenchko's unauthorized comment.

### A.  Fed.R.Civ.P. 30(d)(2)

Fed.R.Civ.P. 30(d)(2) provides: "The court may impose an appropriate sanction— including the reasonable expenses and attorney's fees incurred by any party—*on a person who*

---

[2] Plaintiff's counsel never informed defense counsel that she had another obligation at 6:00 p.m. that could prevent her from completing the 30(b)(6) deposition in "one day of seven hours." *See* Fed.R.Civ.P. 30(d).

[3] Plaintiff's motion is entitled "Plaintiff's Motion for Sanctions against Defendant and Its Counsel," but Commissioner Frenchko is not a defendant and Plaintiff did not argue in his brief that defense counsel engaged in sanctionable conduct. *See* ECF No. 44 (ordering Plaintiff to file a clarifying brief). Moreover, there are contradictory statements within the motion. For example, in the "Summary," Plaintiff requests sanctions against Frenchko for calling Plaintiff's counsel a vulgarity, yet in the "Conclusion" Plaintiff also prays for default judgment against the Board.

[4] Defense counsel has no reason whatsoever to believe that Frenchko was drinking alcohol before or during any of her depositions. Plaintiff's counsel even asked Frenchko under oath whether she was drinking alcohol and Frenchko denied it.

*impedes, delays, or frustrates the fair examination of the deponent.*" The Board – if it is a "person" for purposes of the federal rules -- did not do anything to impede, delay or frustrate Plaintiff's examination of Frenchko on the topics identified. Frenchko's comment occurred *after Plaintiff's counsel terminated the deposition*; a priori, Frenchko's comment could not have impeded, delayed or frustrated Plaintiff's examination. Frenchko's unfortunate comment was born of her frustration that *Plaintiff's counsel* wanted to delay an examination that could have been completed in a few minutes.

### B. Fed.R.Civ.P. 37(d)(1)(A)

Fed.R.Civ.P. 37(d)(1)(A) provides that a court may order sanctions if "(i) a party or a party's officer, director, or managing agent—or a person designated under Rule 30(b)(6) or 31(a)(4) fails, after being served with proper notice, to appear for that person's deposition … ." Frenchko was one of three persons designated under Rule 30(B)(6) and all of them appeared for examination. This rule provides no support to Plaintiff's request for sanctions against Frenchko or the Board.

### C. Inherent Authority

A court's inherent power "is governed not by rule or statute but by the control necessarily vested in courts to manage their own affairs so as to achieve the orderly and expeditious disposition of cases. This inherent power includes the Court's power to control and supervise its own proceedings." *Thomas & Betts Corp. v. Hosea Project Movers, LLC*, 2005 U.S. Dist. LEXIS 22177, *7-8 (internal citations and quotations omitted). One of the ways the Court can control its proceedings is by issuing sanctions to recalcitrant parties and witnesses; however, "[t]he Sixth Circuit has held that it is appropriate for a district court to levy such sanctions [using its inherent authority] only where there has been 'bad faith conduct in litigation.'" *Nisus Corp. v. Perma-Chink*

*Sys.*, 2007 U.S. Dist. LEXIS 58363, *15-16 (quoting *First Bank of Marietta v. Hartford Underwriters Ins. Co.,* 307 F.3d 501, 511 (6th Cir. 2002)).

When evaluating default judgment as a discovery sanction, the Sixth Circuit considers: (1) whether the conduct at issue was the result of willfulness, bad faith, or fault; (2) whether the adversary was prejudiced by the disobedient party's conduct; (3) whether the disobedient party was warned that failure to cooperate could lead to default judgment; and (4) whether less drastic sanctions were imposed or considered before entry of default judgment. *Bank One of Cleveland, N.A. v. Abbe*, 916 F.2d 1067, 1073 (6th Cir. 1990) (citing *Regional Refuse Sys. v. Inland Reclamation Co.*, 842 F.2d 150, 154-55 (6th Cir. 1988)).

None of these factors weigh in favor of granting Plaintiff's motion for terminating sanctions against the Board. First, Plaintiff did not allege in his brief that the Board engaged in *any* willful or bad faith conduct. Neither is the Board to blame for Frenchko's ill-advised comment, which the Board did not authorize or ratify. Second, Plaintiff was not prejudiced in any respect by Frenchko's statement. Frenchko appeared again for deposition on May 5, 2023, and Plaintiff's counsel completed her examination. Third, the Board did not fail to cooperate in discovery, but neither did the Court warn the Board that terminating sanctions were available for an alleged failure to cooperate. Fourth, no sanctions are warranted against the Board, but granting a default judgment against the Board because of Frenchko's off-the-record comment would be an abuse of discretion and a miscarriage of justice. *See e.g., Saldana v. Kmart Corp.,* 260 F.3d 228, 231 (3d Cir. 2001) (reversing sanctions granted by district court using its inherent authority against attorney who used profanity when speaking with opposing counsel because statements were not made in or to the court and did not affect the court's affairs or the "orderly and expeditious disposition" of its cases).

## III. CONCLUSION

Frenchko's comment to Plaintiff's counsel was vulgar and inappropriate. The Board does not condone or excuse it. Nevertheless, Frenchko's comment occurred after her deposition ended and it did not obstruct, delay or impede Plaintiff's ability to obtain discovery. Even if Frenchko could be sanctioned for a statement she made outside of any judicial proceedings, which is doubtful, her unauthorized comment certainly cannot be attributed to the Board. *See* 1990 Ohio Op. Att'y Gen. No. 90-028 (Apr. 11, 1990) (internal citations omitted) ("members of a public body have no power to act individually; they must act as a body."). Accordingly, the Board respectfully requests that the Court deny Plaintiff's Motion for Sanctions.

Respectfully submitted,

MEYERS, ROMAN, FRIEDBERG & LEWIS

*/s/ Kathleen M. Minahan*
Kathleen M. Minahan
28601 Chagrin Boulevard, Suite 600
Cleveland, Ohio 44122
P (216) 831-0042
F: (216) 831-0542
kminahan@meyersroman.com
*Counsel for Defendant Board of Trumbull County Commissioners*

{02626688}

## CERTIFICATE OF SERVICE

I hereby certify that on May 16, 2023, a copy of the foregoing *Defendant's Brief in Opposition to Plaintiff's Motion for Sanctions* was filed electronically. Notice of this filing will be sent to all registered parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

*s/Kathleen M. Minahan*
KATHLEEN M. MINAHAN (0064989)

*Counsel for Defendant Board of Trumbull County Commissioners*

{02626688}