UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| ERNEST COOK | ) | CASE NO. 4:22-cv-00077 BYP |
| | ) | |
| Plaintiff, | ) | JUDGE BENITA PEARSON |
| | ) | |
| vs. | ) | **PLAINTIFF'S REPLY TO MS.** |
| | ) | **FRENCHKO'S RESPONSE IN** |
| BOARD OF TRUMBULL COUNTY | ) | **OPPOSITION TO PLAINTIFF'S** |
| COMMISSIONERS | ) | **MOTION FOR SANCTIONS** |
| | ) | |
| Defendants. | ) | |

First of all, Ms. Frenchko states that she "did not violate Civ. R. 30 or Civ. R. 37" (Doc #61 at 1). However, we are not dealing with the Ohio Civil Rules; we are dealing with the *Federal Rules of Civil Procedure*.

Secondly, Ms. Frenchko *did* violate FRCP 30, because FRCP 30(c) states, in relevant part, "**The examination and cross-examination of a deponent proceed as they would at trial under the Federal Rules of Evidence,** except Rules 10-3 and 615" (emphasis added), and under no circumstances would a witness at trial be permitted to spew such a vulgar remark at the conclusion of her testimony, in open court, to an attorney who had been cross-examining her – regardless of whether the proceedings had concluded for the day or otherwise – without being sanctioned or held in contempt.

Thirdly, this is not a First Amendment matter, as Ms. Frenchko contends. This matter concerns how legal proceedings are conducted and overseen by the courts. Ms. Frenchko is not free to say whatever she wants because she is "in her own home"; nor is she free, as she seems to suggest, to walk into a courtroom and call someone an "f*ing c*nt". Well… technically, she is free to do so, but not without repercussion, because she is simply not permitted to make "personally directed" or "abusive" remarks in the context of legal proceedings, or public or semi-

public meetings.

In *Ison v. Madison Local School District Board of Education,* 3 F.4th 887 (6th Cir. 2021), a school board policy was challenged because it prohibited speech at school board meetings that was, *inter alia*, "too lengthy, personally directed, abusive, off-topic, antagonist, obscene, or irrelevant".  The district court judge dismissed case, saying the school board's policy was valid, but the 6th Circuit said parts of the policy violated the First Amendment:

> The antagonist restriction, by definition, prohibits speech opposing the Board. *See Antagonistic,* Merriam-Webster ("showing dislike or opposition").  And abusive prohibits "insulting" language, *see Abusive,* Merriam-Webster ("harsh and insulting"), with "personally directed," meaning simply abusive speech directed at one person, per the Board's interpretation.  These terms plainly fit in the "broad" scope of impermissible viewpoint discrimination because, like in *Matal, Iancu,* and *American Freedom Defense Initiatives,* they prohibit speech purely because it disparages or offends..."

(Id. at 7.)

The school district had also argued that Ison's speech was "personally directed" and "abusive" in violation of the policy, but the Court said the video of the testimony showed that Ison "spoke calmly, used measured tones, and refrained from personal attacks or vitriol, focusing instead on his stringent opposition to the Board's policy and his belief that the Board was not being honest about its motives..." (Id. at 8-9.)

The Court went on to state that its ruling should not be interpreted as saying that regulations guarding against *ad hominem* attacks (directed against a person rather than the position the person is maintaining), even verbal, would be unconstitutional.

> This is not to say that we decide today that regulations guarding against actual ad hominem attacks, even verbal, are not permitted in a limited public forum**. Suffice it to say that speaking out in opposition to an idea may be offensive but is easily distinguishable from a personal attack**.  *See Bible Believers v. Wayne County*, 805 F.3d 228, 246−47 (6th Cir. 2015) (en banc) (distinguishing between generally offensive statements and "insult or offense" directed specifically at an individual).

(Id., f.n. 1 at 7.) (Emphasis added.)

Ms. Frenchko's lawyer cites to the *Cohen* case, 403 U.S. 15, in which the Supreme Court overturned the conviction of a man who was arrested for wearing a jacket with the words "F**k the Draft" printed on it (Doc. #61 at PageID #890), but the conviction was overturned *not* because vulgar language is absolutely protected, but because the man was expressing his personal political view against the draft.

The other cases to which Ms. Frenchko cites also concern impermissible viewpoint discrimination, which is not what we have here. What we have here is a vitriolic, crass, and uncontrollable individual who seems to believe she is above the law, who simply refuses to follow social norms, exercise proper decorum in public / semi-public forums, adhere to federal and local rules that regulate legal proceedings, and refrain from spewing a personally-directed ad hominem attack against a lawyer who suspended a deposition at 5:40 PM due to a previously made 6:00 PM commitment,[1] and then:

    (a)    lied about it to the media, stating that Plaintiff's counsel had already deposed her for "ten hours" (Ex. 1), when in fact, Ms. Frenchko had only given 3 hours and 19 minutes of 30(B)(6) testimony at that time (Ex. 2, Court Reporter Kelli Page Declaration);

    (b)    refused to apologize for it[2]; and

    (c)    compounded the situation by stating to the media, "I said out loud and off the record what most people think when they're met with a 'Karen'[3] who disrespects them, their time and makes implausible accusations against them".

---

[1] Note that it was Ms. Frenchko who required a late start for her depositions. (Ex. 3.)
[2] Note that, instead of trying to assuage the situation, or encourage Ms. Frenchko to apologize for her abusive and gender-derogatory comment, defense counsel said to Plaintiff's counsel something to the effect of, "You said we were off the record." (See tail end of previously manually filed zoom recording of Frenchko's 5/1/23 Dep. Tr.)
[3] According to Quora, "Karen" is a pejorative slang term for an obnoxious, angry, entitled, and often racist middle-aged white woman who uses her privilege to get her way or police other people's behaviors."

Ms. Frenchko was deliberately obtuse and non-responsive during both her individual testimony and her 30(B)(6) testimony, and then complained when the deposition had to be suspended and concluded on a later date.  Nonetheless, when Ms. Frenchko said she could finish answering the remaining 30(B)(6) questions within ten (10) minutes, Plaintiff's counsel agreed to continue the deposition for ten more minutes in order to give Ms. Frenchko an opportunity to complete her portion of the 30(B)(6) testimony that day and not continue on another day.  (Ex. 4, Frenchko 5/1/23 Dep. at 85-91.)  However, instead of answering concisely so that her 30(B) testimony could be concluded in one afternoon, Ms. Frenchko rambled on for nine minutes and failed to finish answering even one question in those nine minutes.  (Id.)

Regardless of Ms. Frenchko's alleged migraine, drinking or not drinking, lying down during her testimony, wearing sunglasses, being argumentative and obtuse, and the other antics she displayed during her depositions, the "f*ing c*nt" remark should not go unpunished.

WHEREFORE, Plaintiff respectfully requests the Court grant her Motion for Sanctions against Ms. Frenchko.

Respectfully submitted,

*/s/ Caryn M. Groedel*
Caryn M. Groedel (0060131)
*cgroedel@groedel-law.com*
Caryn Groedel & Associates Co., LPA
208 Spriggel Drive
Munroe Falls, OH  44262
1291 SW Mulberry Way
    Boca Raton, FL  33486
Phone: 440-230-3808
440-207-9557
Fax:    440-664-2478
Counsel for Plaintiff

4

**CERTIFICATE OF SERVICE**

    The undersigned hereby certifies that the forgoing was filed electronically this 19th day of May, 2023. Notice of this filing will be sent by the Court's electronic filing system. Parties may access this filing through the Court's system.

                                              */s/ Caryn M. Groedel*
                                              Caryn M. Groedel