PEARSON, J.

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| ERNEST COOK, | ) | |
| | ) | CASE NO. 4:22CV77 |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | JUDGE BENITA Y. PEARSON |
| | ) | |
| BOARD OF TRUMBULL COUNTY | ) | |
| COMISSIONERS, *et al*., | ) | **ORDER** |
| | ) | |
| Defendants. | ) | [Resolving ECF Nos. 43, 64, 65] |

Pending before the Court is Plaintiff's Motion for Sanctions Against Defendant and Its

Counsel (ECF No. 43).  Also pending are Defendant Frenchko's Motion for Oral Argument

(ECF No. 64) and Plaintiff's Motion to Strike Defendant's Motion for Oral Argument (ECF No.

65).  Plaintiff has clarified that the motion for sanctions targets Defendant Frenchko and "the

defense firm that represented [Defendant] Frenchko at her May 1, 2023 deposition in this case.[1]

ECF No. 70.

**I.**

An evidentiary hearing will be held on Plaintiff's Motion for Sanctions.  Therefore,

Defendant Frenchko, the firm that represented Defendant Frenchko at the May 1, 2023

deposition, and the partner of the law firm present at the deposition are hereby on notice that

---

[1] Plaintiff explained that the law firm is targeted "for one of its partner's efforts to justify [Defendant] Frenchko's outburst by stating at the adjournment of [Defendant] Frenchko's deposition, 'We were absolutely off the record…' (see exchange below), instead of admonishing [Defendant] Frenchko for her outrageous language and/or requesting that she apologize."  ECF No. 70.

(4:22CV77)

they, their counsel and all lead counsel in the litigation shall appear before the Honorable Benita Y. Pearson, Courtroom 351, Thomas D. Lambros United States Court House, 125 Market Street, Youngstown, Ohio on July 14, 2023, at 10:30 a.m.   Attorney Miller-Novak is also ordered to appear with his client, Defendant Frenchko. [2]

At the hearing, counsel shall be prepared to present evidence regarding their client's position(s) on the motion for sanctions.  The evidentiary hearing will provide parties with a sufficient opportunity to present relevant facts and cogent legal argument.

While there is no requirement that a full evidentiary hearing be held before the possible imposition of sanctions, given the persistent problems this litigation has presented, an evidentiary hearing will be held to ensure that the Court is fully informed and that Defendant Frenchko and Meyers, Roman, Friedberg & Lewis, the defense firm that represented Defendant Frenchko at her May 1, 2023 deposition, has a meaningful opportunity to respond to Plaintiff's allegations. *See NPF Franchising, LLC v. SY Dawgs*, LLC, 37 F.4th 369, 377 (6th Cir. 2022) (citing *Cook v. American S.S. Co.*, 134 F.3d 771, 774 (6th Cir.1998); *see e.g.*, *Banner v. City of Flint*, 99 F. App'x 29, 37 (6th Cir. 2004) (noting that *each* party facing sanctions should be "afforded adequate notice and access to substantial judicial processes before sanctions [are] imposed upon them.").

On or before June 30, 2023, the parties shall file Witness Lists that (1) state the names of witness(es) the parties intend to call (if any) at the evidentiary hearing along with a summary of

---

[2]    Attorney Matt Miller-Novak, at a firm of the same name appears to be representing Defendant Frenchko currently.  *See* ECF No. 46 (Notice of Appearance).

each witnesses' anticipated testimony, and (2) Exhibit Lists with attached copies of any exhibits on which a party intend to rely at the hearing.

**II.**

Defendant's Motion for Oral Argument (ECF No. 65) is unnecessary and serves as an inappropriately filed surreply. It responds to Plaintiff's reply without permission of the Court and unnecessarily.

The Court's Case Management Order expressly prohibits the filing of surreplies without leave. *See* ECF No. 16 at PageID #: 121 ("No sur-replies will be permitted absent advance leave of Court."). Additionally, "[n]either the Federal Rules of Civil Procedure, nor the Northern District of Ohio's Local Rules, provide for a surreply brief as a matter of course. *In re Steinle,* 835 F. Supp. 2d 437, 443 (N.D. Ohio 2011).

While "a district court may exercise its discretion to allow the non-moving party to file a sur-reply addressing [an] argument newly asserted in the reply brief," Defendant did not seek leave to file a surreply, yet the motion for oral argument does little more than inappropriately respond to Plaintiff's reply. *United States v. 2007 BMW 335i Convertible, VIN:WBAWL73547PX47374,* 648 F. Supp. 2d 944, 953 (N.D. Ohio 2009); *see e.g.*, *Modesty v. Shockley,* 434 F. App'x 469, 472 (6th Cir. 2011) (finding that the district court did not abuse its discretion by denying a party leave to file a surreply),

Any further argument to be considered by the Court will follow the presentation of evidence, not replace it. Defendant's Motion for Oral Argument (ECF No. 64) is denied; and, as a result, Plaintiff's Motion to Strike (ECF No. 65) is denied as moot. Counsel and the parties are strongly cautioned against making any further gratuitous comment on the docket or otherwise.

(4:22CV77)

Counsel and the parties are reminded of the Court's expectation of civil and professional interactions in all matters pertaining to this litigation.

IT IS SO ORDERED.

June 22, 2023
Date

/s/ Benita Y. Pearson
Benita Y. Pearson
United States District Judge